**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In RE: | |
| | Chapter 7 Bankruptcy |
| STEVEN MAY, | |
| | Case No. 16-22172-jrs |
| Debtor. | |

**RESPONSE TO TRUSTEE'S MOTION**
**TO SELL FREE AND CLEAR OF LIENS**

**AFFIDAVIT**

PERSONALLY appeared before an officer duly authorized by law to administer oaths, STEVEN MAY, who after first being duly sworn, states as follows:

My name is STEVEN MAY. I am the Debtor in the above styled case (Chapter 7 Bankruptcy - Case No. 16-22172-jrs).

The Ryan Law Group "RLG" with whom I believe the Trustee is "negotiating" according to their statement in the Filed Motion are in litigation now and are being sued for Investor Fraud. I am a witness who gave testimony in a deposition a couple of months ago to the fraud committed by the RLG and each one of the other members of VIP/FIP.

It is the reason why I believe the RLG contacted the Trustee after my Bankruptcy was Discharged to get them to reopen my case. They want to buy me out. Here is that case information: CASE NUMBER: 50-2016-CA-006082-XXXX-MB

The case can be viewed by searching here:

https://applications.mypalmbeachclerk.com/eCaseView/search.aspx

On or about 8/15/2017, one of the business partners of VIP/FIP, Rob Tassey, had a candid conversation with a confidential source for me. Rob does not know that my source gathers information to share with me. According to my source Rob was boasting that they "FIP" are waiting for my buyout and the Clinton Beiter case to be resolved. His reason is that because of the granting of the patent on August 1, 2017, according to Rob, they now have an investor group ready to invest significant funds in to the company to move forward with specific projects and business opportunities in several markets including a legal medical marijuana greenhouse farm market that are being coordinated by one of the Partners in the Ryan Law Group who has a vested interest in that market. I can speak to the specific opportunities that are in progress. Based upon the RLG pattern of behavior of misleading myself and others, I believe that they are concealing this information from the Trustee and I want them to know this.

Based upon Rob Tassey's statement, I am confident that in the RLG negotiation with the Trustee they are also defrauding the bankruptcy Court and the Trustee and their clients of a better settlement than $30,000. This is also consistent with the RLG and

VIP member behavior patterns. I believe that it is likely that the RLG and FIP are withholding valuable information from the Court and Trustees that could be used to completely allow my debtors to be paid back in full with a more informed and better negotiated buyout. I have knowledge of specific settlement talks between RLG and the Beiter attorneys that are happening as a result of the granting of the Patent. Once that settlement is reached and investors invest in FIP the value of my membership will be significantly higher. Rob Tassey advised my source that this should all happen within the next 60 days or less.

I am asking that the Trustee take this information into consideration for the purpose of protecting the Court and their Clients to which they have a legal obligation. I do not mind this being extended for 60 or 90 days in order for the legal action between FIP and Beiter to play out. I just hope that the Trustee is willing to do the same for the benefit of the bankruptcy estate.

Regarding the patent, I actually am a 1/5th owner of the patent. That was NOT mentioned in the Motion filed by the Trustee. At the time of the filing of the patent application in August of 2013, the inventor subscribed the patent to the individual members of what became Virginia Intellectual Property, LLC "VIP". The 5 patent owners then subscribed the Pending Patent to VIP and it was filed on 8/7/2013. I have never been notified that the patent was placed in any other business entity name. I believe that the Trustees do not have accurate information relative to the ownership of the patent. I believe that this is another example of fraud that is currently being committed against me and the Trustees by the RLG.

I had no idea that the RLG had moved the patent into the FIP, LLC. Based upon the Beiter litigation and hindsight observation of the RLG tactics, since August 2016 I have maintained that I do not believe that FIP, LLC was a legitimate company. Though we have had votes, to date I have never received any information or documents which would demonstrate that FIP, LLC even existed. The creation of FIP was to subvert the inventor of the IP and make it so that he could not participate in the day to day activities or decisions of the real company VIP.

Up until 8/15/2017 I did not know that the patent was grated on 8/1/2017 and I also did not know that the patent was put into the name of FIP, LLC which is NOT consistent with the patent filings. Also consistent with the pattern of behavior of the RLG, it is highly likely that if there are any documents provided to the trustee that would demonstrate otherwise, those documents will likely to have been backdated to appear that a meeting or a decision was made at an earlier date.

I believe that the information provided to us by the Motion filed by the Trustees is factually incorrect. I believe with additional careful investigation of this information and more tactical information gathering by the Trustee when negotiating with the RLG or any of the Members of VIP/FIP, they will also discover that the Trustee their Clients and the Court are being defrauded of a greater financial gain. I am doing this because I want the Trustee to be more successful in negotiating this buyout. Right now, based upon the information I have been provided, if the Trustee hastily collects only $30,000 without doing further due diligence in what I am expressing

in this matter then they are at risk of failing to achieve the best outcome for the bankruptcy estate.

I have specifically requested that my attorney file this response / affidavit in my bankruptcy case. I am available to the Trustee to answer additional questions as needed.

**FURTHER AFFIANT SAYETH NOT.**

This 25th day of AUGUST, 2017.

> DANNY L COLEMAN
> NOTARY PUBLIC
> FULTON COUNTY
> State of Georgia
> My Commission Expires June 21, 2021

Steven May
Affiant

Sworn and subscribed

before me this 25th day of August, 2017.

_____
Notary Public

Steven May; Chapter 7 Bankruptcy - Case No. 16-22172-jrs
RESPONSE TO TRUSTEE'S MOTION
TO SELL FREE AND CLEAR OF LIENS – AFFIDAVIT
Page **5** of 7

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| In RE: | |
| | Chapter 7 Bankruptcy |
| STEVEN MAY, | |
| | Case No. 16-22172-jrs |
| Debtor. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **August 29, 2017** a copy of the foregoing document was filed by me and copies deposited into the United States Mail, First Class Postage Prepaid, or served electronically using the Electronic Case Filing (ECF) System when available to the following parties set forth below.

Respectfully submitted by:

/s/ Danny Coleman

Danny Coleman, MBA, Esq.
Georgia State Bar No. 177427
Attorney for the Debtor
Coleman Legal Group, LLC
5755 North Point Pkwy; Suite 52
Alpharetta, Georgia 30022
Email: attorney@dcolemanlaw.com
Phone: 770-408-0474
Fax: 770-609-7020

Albert F. Nasuti
40 Technology Parkway South
Suite 300
Norcross, GA 30092


R. Jeneane Treace
Office of the United States Trustee
363 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303